THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
DAVID B. CURRIE, PLAINTIFF IN ERROR.

Argued March 8, 1922—Decided June 19, 1922.

On appeal from the Supreme Court, in which the following
*per curiam* was filed:

"The plaintiff in error (the defendant below) was convicted
upon an indictment charging him with criminal libel. The
defendant, a contractor, had had some difficulties with the
township committee of Cranford, in the county of Union,
over a permit under the building code, which resulted in his
arrest and conviction of a violation of the code. After this
the defendant began sending communications to the township
committee, complaining about the building code, and the
enforcement thereof. He appeared before the grand jury of
Union county, for the purpose of having an information or
indictment found against the township committee. The
grand jury investigated the matter, and the defendant was
informed by the prosecutor of Union county that in the
opinion of the grand jury no criminal act had been com-
mitted by any member of the township committee. On
March 20th, 1920, soon after receiving this information from
the prosecutor, the defendant circulated a communication,
mailing it to some seven hundred or eight hundred citizens
of Cranford township. This communication charged the
members of the township committee with (1) violating the
criminal laws of the state; (2) violating their oath of office;
(3) using the power of their office and the ordinances for
malicious prosecution and crooked work, and (4) with having
allowed violation of municipal ordinances, and (5) willfully
and maliciously refusing to enforce the ordinances as required
by law, and also with personal violations of the same, &c.
It was for the publication of this circular the defendant was
indicted and convicted.

"There are sixty-five assignments of error. The first assignment, urged in behalf of the plaintiff in error, is that the opening words of the charge of the trial court were prejudicial to the defendant. The court made the following statement: 'It is the duty of the court to explain to you the law of the case, and it then becomes your duty to take the case and pass upon the questions of fact, including the ultimate fact of the guilt or innocence of the defendant. I say that you may then take the case and pass upon the facts. I ought to change that, because the constitution of this state in a libel case makes you the judge of the law as well as the facts. But first let me explain the general principles of law that surround this issue.' To hold that this is prejudicial error would be to hold that a judge who notices that he has made a mistake in his charge cannot correct that mistake by a subsequent statement. To hold as the counsel for the plaintiff in error contends would be to hold that under no circumstances can a judge correct a mistake in his charge that he notices he has made. The mere statement of this proposition demonstrates its unsoundness.

"The next assignment argued is the refusal of the trial judge to charge a request respecting privileged communications. The defendant contends that the communication was a privileged one. It is difficult to see upon what theory the defendant could claim that the communication he sent out is privileged. It is not addressed to any person who could redress a grievance, and it was sent to seven hundred or eight hundred people in the township of Cranford, for the express purpose of doing the township committee as much harm as possible. There was no evidence which would justify the jury in finding the circular letter to be a privileged communication, and therefore the trial court was correct in its ruling in declining to charge the request asked for by the defendant.

"The next assignment argued is that the trial judge in his charge defined libel as it was defined by this court in the case of *Benton* v. *State*, 59 *N. J. L.* 556. The ground of the

objection is that the definition contained certain words, such as 'immorality,' which were not applicable to the present case. This is no ground for reversal. It was proper for the trial court to define libel and the definition given by the court was a proper definition.

"The next assignment argued is an objection to that part of the charge of the trial court which reads as follows: 'The charge of the indictment in this case alleges that in several particulars the defendant has imputed a crime to the township committee of Cranford.' The contention is that the indictment charges that the language was published of and concerning individuals specially named 'and each and every one of them as members of the township committee of Cranford.' While this statement of the court perhaps incorrectly described the indictment, yet we cannot see how the defendant was prejudiced by the court's language.

"The next assignments argued are the fifth and sixth. The sentence in the court's charge picked out for criticism is merely a part of the charge upon the branch of the case being considered by the court. The whole charge on this branch of the case states the law correctly, and it seems to us that the use of the phrase 'the words must be true and must have been spoken with good motives' by the court is not error where the law is correctly stated in the paragraph of which these words are a part.

"The next assignment argued is that the trial judge erred in using the following language: 'You would then have to pass to the next charge and before you can acquit the defendant, or rather his defence is made good to you, you must find as to all the various charges in the circular which you find to be libelous that they are true and were spoken with good motives and for justifiable ends.'

"The contention is that as the indictment did not contain the whole circular that it was error to submit to the jury all the charges in the circular. We think this language merely applied to the portions of the circular mentioned in the indictment.

"The remaining assignments of error argued relate to various portions of the court's charge. We have examined them and find in them no harmful error. We are of the opinion that the defendant had a fair trial.

"The judgment under review is affirmed."

For the plaintiff in error, *Otto A. Stiefel*.

For the defendant in error, *Walter L. Hetfield*, prosecutor, and *Donald H. McLean*, assistant prosecutor of the pleas.

PER CURIAM.

The defendant was indicted in the Union Oyer and Terminer for publishing a criminal libel. He was convicted in the Quarter Sessions, to which the cause was referred for trial, and brought error to the Supreme Court, where the judgment was affirmed. He now brings error here. We are of opinion that the judgment of the Supreme Court should be affirmed and are satisfied with the treatment of the case in its *per curiam*, with the exception of the following observations. The opinion states:

"The first assignment urged in behalf of the plaintiff in error is that the opening words of the charge of the trial court were prejudicial to the defendant. The court made the following statement: 'It is the duty of the court to explain to you the law of the case, and it then becomes your duty to take the case and pass upon the questions of fact, including the ultimate fact of the guilt or innocence of the defendant. I say that you may then take the case and pass upon the facts. I ought to change that, because the constitution of this state in a libel case makes you the judge of the law as well as the facts. But first let me explain the general principles of law that surround this issue.' "

The opinion of the Supreme Court then proceeds:

"To hold that this is prejudicial error would be to hold that a judge who notices that he has made a mistake in his charge cannot correct that mistake by a subsequent statement.

To hold as the counsel for the plaintiff in error contends would be to hold that under no circumstances can a judge correct a mistake in his charge that he notices he has made. The mere statement of this proposition demonstrates its unsoundness."

Now, there does not appear in these excerpts from the charge that there is any mistake that was corrected. A careful reading of the charge discloses that the trial judge did not state that he had committed error and corrected it. This proposition is rather one of counsel's conception.

The constitutional provision that in trials for criminal libel the jury shall have the right to determine the law and the fact does not deprive the court of charging the jury on the law of the case. *Drake* v. *State,* 53 *N. J. L.* 23, 30. And Chief Justice Beasley, in *State* v. *Jay,* 34 *Id.* 368, said that it was .questionable whether in prosecutions for libel the jury can, under our constitution, lawfully disregard an instruction of the judge as to the law of the case.

There was no statement in the charge that the jury was obliged to take the law from the court. The judge's statement that it was the duty of the court to explain the law of the case to the jury was correct. His statement that it became the jury's duty to pass upon the facts was also correct. There was more to the case, and in the next sentence the judge said, "I ought to change that because the constitution of this state in a libel case makes you (the jury) the judge of the law as well as the facts."

When the judge instructed the jury that it was their duty to pass upon the questions of fact. it was unnecessary for him to have charged immediately thereafter that the constitution made the jury the judge of the law as well as the fact. He could with propriety have charged with reference to the law in any other part of his deliverance, and in fact he did that thereafter, not once, but twice. He read the constitutional provision, which concludes, "and the jury shall have the right to determine the law and the fact," and afterward, when charging that where the defence of the truth uttered

with good motives and for justifiable ends, fails, he said; "I mean by that not to take from you the right given the jury to pass upon the law and the facts, but merely to assist you in explaining what the law of criminal libel is."

We think that the trial judge was at least inaccurate in his statement, wherein, after charging the jury that they were to pass upon the facts, he said he ought to change that, and then stated that the constitution made them judges of the law as well as the facts; that is, he was inaccurate in saying that he ought to change the charge as to the jury's right to determine the facts. Nor did he change it by retraction, limitation or in any other way; but added to, without changing, it. What he did was to add the assertion that the jury were the judges of the law as well as the facts, which was correct. The Supreme Court went further and treated the matter as though the judge had made a mistake and had corrected it. We find no error in that part of the charge above adverted to, and think the deliverance of the trial judge as to the jury's right to pass on the law and the facts was correctly laid down.

In all other respects we are satisfied with the opinion of the Supreme Court, and the judgment will, therefore, be affirmed.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, MINTURN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, ACKERSON, VAN BUSKIRK, JJ.   10.

*For reversal*—PARKER, GARDNER, JJ.   2.